United States District Court
Southern District of Texas

**ENTERED**

June 05, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ADRIAN T.Q., | § | |
|   "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00290 |
| TODD M. LYONS, *et al*., | § | |
|   "Respondents." | § | |

**ORDER**

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss as Moot or for Lack of Subject Matter Jurisdiction" (Dkt. No. 9) ("MTD"). Respondents' MTD represents that Respondents released Petitioner from custody on April 18, 2026. *See* Dkt. No 9. The Court concludes from this filing that the Petition is now moot.

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, the Petition sought relief primarily in the form of (1) release and (2) an order prohibiting Respondents from transferring him outside the Southern District of Texas. Dkt. No. 1 at 18.[1] Because Petitioner's release from Respondents' custody eliminates any possibility of transfer, there is no longer a live case or controversy for which this Court can offer relief.

Accordingly, Respondents' MTD (Dkt. No. 9) is hereby **GRANTED** and the Petition (Dkt. No. 1) is **DISMISSED** as moot.  The Clerk of the Court is **ORDERED** to close this case.

---

[1] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), Dkt. No. 1 at 18. 28 U.S.C. § 2412(d)(1)(A). Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed.

1 / 2

SIGNED this June 5, 2026

Rolando Olvera
United States District Judge